IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID DOCKERY, SR.,                  :
Nazarite, Hebrew Yisraelites,        :
                                     :
            Plaintiff,               :
                                     :    CIVIL ACTION NO.
       v.                            :    1:02-CV-1191-JOF
                                     :
U.S. DEPARTMENT OF JUSTICE,          :
et al.,                              :
                                     
            Defendants.

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for judgment on the pleadings [31-1] and Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and 57 [32-1].

Plaintiff filed a *Bivens* action against various federal officials contending that he was denied his constitutional right to practice his faith as a Hebrew Yisraelite through a separate worship service while he was incarcerated at the United States Penitentiary-Atlanta. In an order dated January 23, 2003, the court conducted a frivolity screening pursuant to 28 U.S.C. § 1915A and allowed Plaintiff's suit to proceed. Thereafter, Defendants filed a motion to dismiss on several grounds, including failure to exhaust administrative remedies. In an order dated August 17, 2004, the court granted Defendants' motion to dismiss finding that Plaintiff had not demonstrated he exhausted his administrative remedies through the General Counsel

of the Bureau of Prisons. The court noted the fact that it found Plaintiff had set forth sufficient allegations with respect to exhaustion of administrative remedies at the frivolity screening did not mean the court had ruled definitively on the issue. When Defendants raised the exhaustion issue at the motion to dismiss stage, the matter was briefed by both Plaintiff and Defendants, and there was no evidence to show Plaintiff had fully exhausted his claim. Plaintiff's copy of that order was returned to the Clerk's Office marked undeliverable.

Plaintiff filed a notice of inquiry on January 31, 2005 and a motion for judgment on the pleadings on April 18, 2005. It is clear from these filings that Plaintiff had not received a copy of the court's August 17, 2004 order. After learning of the court's order, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and 57. In that motion, Plaintiff argues that the court made a final ruling with respect to exhaustion at the frivolity screening.

In its response to Plaintiff's motions, the Government indicates that Plaintiff did not receive the court's August 17, 2004 order because he had been transferred from FCI - Coleman for a period of months and had not informed the court of his new address. Plaintiff has not provided any information on this issue. In any event, none of Plaintiff's new motions shows that he had fully exhausted his claim through the General Counsel of the Bureau of Prisons, and the court previously explained that allowing Plaintiff's complaint to proceed past the frivolity screening did not preclude the court from revisiting the exhaustion issue at the

motion to dismiss stage. Thus, there is no reason to revisit the court's prior order under Rule 60(b).

For the foregoing reasons, the court DENIES Plaintiff's motion for judgment on the pleadings [31-1] and DENIES Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and 57 [32-1].

**IT IS SO ORDERED** this 5th day of January 2006.

                                              s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                                SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)